UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| R.C. and E.P., as parents and next friends of J.C., a minor,  )<br><br>         Plaintiffs  )<br><br>v.  )<br><br>YORK SCHOOL DEPARTMENT, )<br><br>         Defendant  ) | Civil No. 07-177-P-S |

### MEMORANDUM DECISION ON MOTION TO SUPPLEMENT RECORD

R.C. and E.P., as parents and next friends of J.C., a minor ("Parents"), move pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, to supplement the administrative record in the instant appeal of a decision of a Maine Department of Education hearing officer. *See* Plaintiffs' Motion To Permit Presentation of Additional Evidence, etc. ("Motion") (Docket No. 12) at 1-2; Complaint (Injunctive Relief Requested) (Docket No. 1) ¶ 1. For the reasons that follow, the Motion is granted.

### I. Applicable Legal Standards

The IDEA directs that a court reviewing state educational proceedings "receive the records of the administrative proceedings" and "hear additional evidence at the request of a party[.]" 20 U.S.C. § 1415(i)(2)(B)(i) & (ii). Nonetheless, as the First Circuit has clarified, a party has no absolute right to adduce additional evidence upon request:

> . . . As a means of assuring that the administrative process is accorded its due weight and that judicial review does not become a trial *de novo*, thereby rendering the administrative hearing nugatory, a party seeking to introduce additional evidence at the

>district court level must provide some solid justification for doing so. To determine whether this burden has been satisfied, judicial inquiry begins with the administrative record. A district court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990) (citation and internal punctuation omitted).

## II. Analysis

The administrative hearing in this matter was held on June 4, 7, 12 and 20, 2007, *see* Administrative Record ("Record") at 911, following which the hearing officer rendered a decision dated July 23, 2007 upholding the determination of the York School Department ("School Department") that J.C. was not eligible for special-education services, *see id.* at 933. Among witnesses testifying on June 7, 2007 were three employees of the King George School ("KGS"), a therapeutic boarding school in Vermont at which the Parents had placed J.C. on February 14, 2007. *See id.* at 1006, 1022, 1039; *see also id.* at 1005-25 (testimony of KGS Associate Academic Dean Mark Evan Tucker), 1026-39 (testimony of KGS therapist Erin Sarah Sheldon Kingsbury), 1039-50 (testimony of KGS Clinical Director Joshua Greeley Carpenter, Ph.D.).

The Parents seek to supplement the Record by adducing (i) testimony of E.P. concerning additional costs of tuition, room and board and travel associated with J.C.'s attendance at KGS since June 2007 and J.C.'s progress since the summer, and (ii) testimony of Dr. Karen E. Fitzhugh, the Head of School at KGS, concerning J.C.'s continuing therapeutic treatment and education at KGS since June 2007, including her overall progress, her evolving emotional status and her current educational needs. *See* Motion at 2-3; *see also* Amended Declaration of Dr. Karen E. Fitzhugh ("Fitzhugh Decl.") (Docket No. 15); Amended Declaration of E.P. (Docket No. 16). The Parents propose to offer the foregoing evidence either through the proffered affidavits of E.P. and Dr. Fitzhugh or through testimony

2

in court or at deposition. *See* Motion at 2-3. Dr. Fitzhugh also attaches to her deposition a four-page KGS progress report for J.C. covering the period from April to December 2007. *See* progress report, term dates April 26-August 10, 2007 ("Progress Report"), attached to Fitzhugh Decl.

The School Department does not oppose introduction of supplemental evidence concerning the Parents' costs, although it requests the opportunity to depose them on that point. *See* Defendant's Opposition to Plaintiffs' Motion To Permit Presentation of Additional Evidence ("Opposition") (Docket No. 17) at 1 n.1. It otherwise opposes the Motion, asserting that (i) the Fitzhugh evidence is redundant of that already in the Record concerning the KGS program and J.C.'s progress there from February 2007, (ii) Dr. Fitzhugh's opinion regarding what J.C. may need in terms of programming on a going-forward basis is irrelevant, and (iii) the progress report contains repeated references to the February-June 2007 period, which was addressed at hearing. *See id*. at 4-6. It alternatively requests that, if supplementation as to J.C.'s status is permitted, it (i) be allowed to depose E. P. and Dr. Fitzhugh and (ii) be permitted fifteen days from receipt of the resulting deposition transcripts to file a motion seeking to supplement the Record with the opinion of its expert, Dr. Kerry Hoag, regarding the significance of the new evidence to the issue of IDEA eligibility. *See id*. at 6-7.

The Parents oppose the latter request, protesting that the deadline for filing motions to supplement the Record passed on January 2, 2008, and the School Department has yet to produce a declaration of Dr. Hoag setting forth the testimony she would be expected to provide despite having had the declarations of E.P. and Dr. Fitzhugh for several weeks. *See* Plaintiffs' Reply Memorandum in Support of Their Amended Motion To Permit Presentation of Additional Evidence ("Reply") (Docket No. 18) at [3]-[4].

After carefully reviewing the testimony at hearing of Tucker, Kingsbury and Dr. Carpenter and comparing it with the proffered testimony of E.P. and Dr. Fitzhugh, I am satisfied that the proposed

new evidence is not simply redundant or cumulative of the testimony adduced at hearing. While Dr. Fitzhugh touches on the nature of the KGS program and J.C.'s experience there prior to June 2007 – apparently for purposes of placing her testimony in context – she focuses on J.C.'s progress since the time of the hearing. *See generally* Fitzhugh Decl. Given that the proffered testimony of both E.P. and Dr. Fitzhugh (i) primarily concerns events that have transpired since the administrative hearing closed and, (ii) such evidence can shed light on the question whether a school district properly declined to identify a child as having a disability, *see, e.g., Mr. and Mrs. I v. Maine Sch. Admin. Dist. No. 55*, No. Civ.04-165-P-H, 2004 WL 2397402, at *3 (D. Me. Oct. 27, 2004), I will allow it. I also will permit the Parents to adduce Dr. Fitzhugh's testimony concerning J.C.'s expected future course at KGS, *see* Fitzhugh Decl. ¶ 16, and the KGS progress report covering the period through December 2007, *see* Progress Report. Dr. Fitzhugh's testimony concerning J.C.'s prognosis is part and parcel of her update on J.C.'s status; it is no less relevant than similar testimony given by Dr. Carpenter at hearing. *Compare* Fitzhugh Decl. ¶ 16 *with* Record at 1054. The Progress Report is not redundant. It covers the period through December 2007 – well after the hearing closed in June 2007. *See generally* Progress Report. To the extent it covers J.C.'s first term at KGS (which ended in April 2007), it is more detailed and broader in scope than the progress report available at the time of hearing. *Compare* Record at 81, 1019 *with* Progress Report.

The School Department's request that the testimony of E.P. and Dr. Fitzhugh be taken by deposition (permitting cross-examination) is reasonable and therefore is granted. Their depositions shall be scheduled by the parties at a mutually agreed time(s) and place(s) subject to the constraint that transcripts of both depositions shall be filed with the court by Friday, March 28, 2008.[1] I also grant

---

[1] The Parents do not object to the request to depose Dr. Fitzhugh so long as her deposition is taken telephonically, given her location in northern Vermont and the high cost to both parties of conducting a deposition in person. *See* Reply at[1]-[2]. I am confident that the parties can arrive at a mutually agreeable solution.
(continued…)

4

the School Department's request for a period of fifteen additional days to permit its expert, Dr. Hoag, to review the deposition transcripts and to permit the School Department to file a motion to supplement the record with Dr. Hoag's opinion regarding the significance of the new evidence to the question of IDEA eligibility. While it is true that the deadline for filing motions to supplement the Record was January 2, 2008, *see* Scheduling Order (Docket No. 8), the School Department's new evidence is strictly responsive to that of the Parents. While the School Department could have had Dr. Hoag prepare an opinion based on E.P.'s and Dr. Fitzhugh's affidavits, the Parents themselves had offered the option of taking the new testimony by deposition. *See* Motion at 2-3. The School Department understandably chose to conserve its resources and forgo Dr. Hoag's review until a transcript of depositions (at which E.P. and Dr. Fitzhugh will be subject to cross-examination) could be produced.

### III. Conclusion

For the foregoing reasons, the Parents' motion to supplement the administrative record is **GRANTED**. The parties shall schedule depositions of both E.P. and Dr. Fitzhugh, at which both witnesses shall be subject to cross-examination, at a time(s) and place(s) to be mutually agreed upon, subject to the proviso that transcripts of said depositions shall be filed with the court on or before Friday, March 28, 2008. The School Department shall file, no later than fifteen calendar days following the filing of said deposition transcripts, any motion to supplement the Record with the opinion of Dr. Hoag concerning the significance of the new evidence to the question of IDEA eligibility. In accordance with the terms of the Scheduling Order, the Parents shall file their brief, not to exceed 35 pages, within thirty days after presentation of any additional evidence approved by the

court or the court's order denying the presentation of additional evidence. *See* Scheduling Order. If no motion to supplement the Record with Dr. Hoag's testimony is filed, the Parents' brief shall be due within thirty days of expiration of the deadline for the filing of said motion. The briefing schedule otherwise will be as set forth in the Scheduling Order: The School Department's brief, not to exceed 35 pages, shall be filed within 30 days of submission of the Parents' brief, and the Parents' reply, not to exceed 10 pages, shall be filed within fourteen days of submission of the School Department's brief. *See id*.

So ordered.

Dated this 12th day of February, 2008.

>/s/ David M. Cohen
>David M. Cohen
>United States Magistrate Judge